UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:22-cv-21830-JLK

SIMON GERALD SULLENBERGER,

        Plaintiff,

v.

CITY OF CORAL GABLES, a political
Subdivision of the State of Florida; JORGE
PUGA, individually and in his capacity as
a Police Officer for the City of Coral
Gables; NATALIE FLORES, individually
And in her capacity as a Police Officer for
the City of Coral Gables; JECABSEEL
NUNEZ, individually and in his capacity
as a Police Officer for the City of Coral
Gables,

        Defendants.

_____/

**DEFENDANT, JORGE PUGA'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT AND SUPPORTING MEMORANDUM OF LAW**

Defendant, Officer Jorge Puga ("Officer Puga"), moves this Court, pursuant to Rule

12(b)(6) of the Federal Rules of Civil Procedure and Local Rule 7.1 of the Southern District of

Florida, for the entry of an Order dismissing **with prejudice** the Complaint filed by *pro se* Plaintiff,

Simon Sullenberger ("Sullenberger"), where: (i)  it is apparent from the face of the Complaint that

Plaintiff's claim is time barred by the applicable statute of limitations; (ii) Plaintiff has

impermissibly split causes of action and has a concurrent lawsuit pending in state court arising out

of the same facts and occurrence; (iii) Plaintiff has failed to assert a legally sufficient §1983 claim;

(iv) Plaintiff's shotgun pleading fails to assert separate counts as to each of the multiple defendants

named in his Complaint; and (v) Puga is entitled to qualified immunity because Sullenberger has

failed to allege any factual allegations indicating that Puga's actions, if any, were a clearly

established violation of Sullenberger's constitutional rights such that they could subject Puga to liability. In support, Officer Puga submits the following Memorandum:

## BACKGROUND

This action arises from Sullenberger's arrest the night of December 2, 2017. The arrest occurred after Sullenberger had admittedly set off the Emergency "Panic" Burglar alarm at his parents' house located at 823 Santiago Avenue, Coral Gables, Florida 33134. Compl., ¶¶ 1-19. *See also* Arrest Affidavit dated 12/3/2017 ("Arrest Aff") [DE 1-3] filed with Complaint. Apparently, after setting off the burglar alarm while his parents were out of the house, Sullenberger felt it would be a perfect time to grab his shotgun and sit outside on the "very dark" dimly lit porch to clean and oil his firearm while waiting for his parents to arrive. City of Coral Gables police officers Natalie Flores ("Officer Flores") and Jecabseel Nunez ("Officer Nunez") arrived at Sullenberger's home in response to the burglar alarm and encountered Sullenberger holding his shotgun. The encounter ended with Sullenberger's arrest, and he was later charged with resisting an officer with violence to her person with a firearm, aggravated battery on a law enforcement officer, and attempted murder in the second degree of law enforcement officer. *See* Arrest Aff [DE 1-3].[1]

More than four years after his arrest, Sullenberger is now seeking to bring this **untimely**

---

[1] Following his arrest, the State of Florida initiated criminal proceedings against Sullenberger, where he pled not guilty to the charges pending against him on December 12, 2017. *See* Notice of Appearance Plea of Not Guilty, *State of Florida v. Simon Sullenberger*, 11th Judicial Circuit, Miami-Dade County (Case No. F17-22950), attached as **Exhibit A.** Officer Puga requests that the Court take judicial notice of Sullenberger's Notice of Appearance Plea of Not Guilty, dated December 12, 2017. A court may take judicial notice of and consider documents attached to a motion to dismiss or response, which are public records that are central to a plaintiff's claims, without converting the motion to dismiss into a motion for summary judgment, as long as such documents are public records that are not subject to reasonable dispute because they are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. *Beepot v. J.P. Morgan Chase Nat. Corp. Services, Inc.*, 57 F. Supp. 3d 1358, 1366 (M.D. Fla. 2014), *aff'd sub nom. Beepot v. JP Morgan Chase Nat. Corp. Services, Inc.*, 626 Fed. Appx. 935 (11th Cir. 2015). *See also Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002).

42 U.S.C. § 1983 claim against Officer Puga, a City of Coral Gables police officer, among other named defendants, including the City of Coral Gables ("the City"), Officer Flores, and Officer Nunez (collectively "Defendants"). Notably, although he has been named as a defendant, there is not one allegation in Sullenberger's Complaint which references Officer Puga or the role he may have played in this encounter.

Prior to commencing this action, on or about November 12, 2019, Sullenberger sued the same named Defendants in Florida state court for assault, battery, false imprisonment, and negligence – all stemming from the same facts and occurrence alleged in the Complaint filed here. *See Sullenberger v. City of Coral Gables et al.*, 11th Judicial Cir., Miami-Dade County (Case No. 2019-033136 CA 01(02)) ("*Sullenberger I*"), Second Amended Complaint attached as **Exhibit B**.[2] The state court twice dismissed Sullenberger's claims of false imprisonment, assault, and battery against Officers Flores, Nunez, and Puga for failure to state a cause of action, as well as the negligence and false imprisonment claims against the City on one prior occasion. Presently, the only claims remaining in the state court action are Sullenberger's false imprisonment claim against the City, and his assault and battery claims against Officers Flores and Nunez. Officers Flores and Nunez's moved to dismiss Sullenberger's assault and battery claims and that motion remains pending. Officer Puga is no longer a defendant in the state court action.

Displeased with the status of his now-concurrent state court proceedings, Sullenberger is forum-shopping for another court to hear his case in the hopes it will grant relief in his favor. Sullenberger could have very well brought his section 1983 claims in state court where he is already seeking relief for damages arising from his December 2, 2017 arrest, yet he has chosen to

---

[2] Officer Puga requests that the Court take judicial notice of the state court proceedings in *Sullenberger v. City of Coral Gables et al.*, Case No. 2019-033136 CA 01(02). *See Beepot v. J.P. Morgan Chase Nat. Corp. Services, Inc.*, 57 F. Supp. 3d at 1366. *See also* § 90.202(6), Fla. Stat.

initiate this **<u>untimely</u>** and **<u>time-barred</u>** lawsuit against the same Defendants, including Officer Puga, in federal court. For these reasons, Officer Puga now moves to dismiss Sullenberger's Complaint against him **<u>with prejudice</u>**.

## <u>LEGAL STANDARD</u>

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 557 (alteration in original)). The Supreme Court has emphasized that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly,* 550 U.S. at 570).

Similarly, "more than conclusory allegations are required to state a cause of action under § 1983." *Bush v. City of Daytona Beach*, No. 6:12-CV-1541-ORL-36, 2013 WL 3209430, at *6 (M.D. Fla. 2013) (citing *Keating v. City of Miami,* 598 F.3d 753, 762–63 (11th Cir. 2010) ("this circuit, along with others, has tightened the application of Rule 8 with respect to § 1983 cases in an effort to weed out non-meritorious claims, requiring that a § 1983 plaintiff allege with some specificity the facts which make out its claim") (internal quotation marks omitted)).

Where, as in this case, it is apparent from the face of the complaint that the claim is time barred, a Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate. *See American Marine Tech, Inc. v. World Group Yachting, Inc.*, 418 F. Supp. 3d 1075, 1081 (S.D. Fla. 2019).

*See also Spadaro v. City of Miramar*, 855 F. Supp. 2d 1317, 1328 (S.D. Fla. 2012) ("Generally, whether a claim is barred by the statute of limitations should be raised as an affirmative defense in the answer rather than in a motion to dismiss … However, if facts on the fact of the pleadings show that the statute of limitations bars the action, the defense can be raised by motion to dismiss."); *Lawson v. City of Miami Beach*, 908 F. Supp. 2d 1285 (S.D. Fla. 2012) ("A court may dismiss a complaint under Rule 12(b)(6) when its allegations, on their face, show that an affirmative defense bars recovery on the claim."). Further, "[a] district court can generally consider exhibits attached to a complaint in ruling on a motion to dismiss, and if the allegations of the complaint about a particular exhibit conflict with the contents of the exhibit itself, the exhibit controls." *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016).

When plaintiff's claims are time-barred by the statute of limitation, courts do not hesitate to dismiss plaintiff's claims with prejudice. *See e.g.*, *Maps v. Murphs*, 17-21167-CIV-KING, 2017 WL 11622095, at *1 (S.D. Fla. June 14, 2017) (dismissing with prejudice *pro se* 42 U.S.C. § 1983 action "as the acts complained of occurred outside the four-year statute of limitations for such claims"); *Hughes v. Lott*, 350 F.3d 1157, 1163 (11th Cir. 2003) (affirming dismissal of a prisoner's claim for property deprivation because it was clear from the face of the complaint that it was filed beyond the applicable statute of limitations); *Baker v. City of Hollywood*, 391 F. App'x 819, 820 (11th Cir. 2010) (per curiam) (affirming the district court's dismissal of plaintiff's complaint for excessive use of force because it was clear that he filed it after the four-year limitations period had run); *Simione v. Libman*, 18-63037-CIV, 2019 WL 6324284, at *3 (S.D. Fla. Nov. 25, 2019) (dismissing plaintiff's complaint with prejudice in which he alleged Section 1983 claims barred by the statute of limitations); *Walton for Estate of Smith v. Florida Dep't of Corr.*, No. 3:16-cv-1130-J-39JRK, 2018 WL 1393520, at *3 (M.D. Fla. Mar. 20, 2018) (dismissing with prejudice

plaintiff's Section 1983 excessive use of force claim due to her failure to file the claim within the applicable statute of limitations). It is not considered an abuse of discretion to dismiss a *pro se* plaintiff's complaint with prejudice when any further amendment would be futile because plaintiff cannot state a claim. *Adams v. Office of Governor*, 818 Fed. Appx. 887, 890 (11th Cir. 2020), *cert. denied sub nom.,* 141 S. Ct. 1425 (2021) ("Generally, the district court abuses its discretion if it does not provide a *pro se* plaintiff at least one opportunity to amend his complaint before dismissing it with prejudice, unless doing so would be futile because a more carefully crafted complaint would still not be able to state a claim.").

## **MEMORANDUM OF LAW**

**I.    DISMISSAL   WITH   PREJUDICE   IS   WARRANTED   WHERE SULLENBERGER'S CLAIMS ARE TIME-BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS**

Once the statute of limitations has run, the action is barred regardless of the merits of plaintiff's claims. *See Lewis v. Broward Cnty. Sch. Bd.*, 489 Fed. Appx. 297, 298 (11th Cir. 2012). For actions brought under section 1983, "[f]ederal courts apply their forum state's statute of limitations for personal injury actions." *Ellison v. Lester*, 275 Fed. Appx. 900, 901 (11th Cir. 2008). *See also* 42 U.S.C. § 1988(a) (providing that state law determines the statute of limitations applicable to a claim filed pursuant to § 1983). Accordingly, the four-year statute of limitations set forth in section § 95.11(3), Fla. Stat. applies to all section 1983 claims arising in Florida. *Ellison*, 275 Fed. Appx. at 901–02. *See also Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003) ("Florida's four-year statute of limitations applies to such claims of deprivation of rights under 42 U.S.C. §§ 1983 and 1985."); *City of Hialeah v. Rojas*, 311 F.3d 1096, 1102 n. 2 (11th Cir. 2002) ("Section 1983 claims are governed by the forum state's residual personal injury statute of limitations, which in Florida is four years").

"The question of when the limitations period begins to run is one of federal law." *Lewis*,

489 Fed. Appx. at 298. In this jurisdiction, "the statute of limitations for § 1983 claims begins to run when facts supporting the cause of action are or should be reasonably apparent to the claimant." *Jones v. Union City*, 450 Fed. Appx. 807, 809 (11th Cir. 2011). Put differently, "[a] section 1983 claim accrues — and the statute of limitations begins to run — when the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Baker v. City of Hollywood*, 391 Fed. Appx. 819, 821 (11th Cir. 2010).

"False arrest claims brought pursuant to § 1983, where arrest is followed by criminal proceedings, accrue when the claimant is detained pursuant to a legal process. *Baker*, 391 Fed. Appx. at 821. The Eleventh Circuit has interpreted this to mean that a false arrest claim will begin to accrue on the date of the arrest. *Johnson v. Cnty. of Paulding, Georgia*, 780 Fed. Appx. 796, 799 (11th Cir. 2019) (plaintiff was detained for legal process on the date he alleges he was falsely arrested for driving under the influence; it was apparent on the date of his arrest that he potentially had a claim for false arrest); *Shuler v. Duke*, 792 Fed. Appx. 697, 702 (11th Cir. 2019) ("false arrest and false imprisonment claims [brought under Section 1983] accrued on the day of [plaintiff's] arrest"); *Brown v. Lewis*, 361 Fed. Appx. 51, 55 (11th Cir. 2010) (statute of limitations for a section 1983 claim for false arrest and false imprisonment accrued on the date of plaintiff's arrest on which he based his claims).

Similarly, excessive use of force claims brought under section 1983 accrue on the date when plaintiff was allegedly subjected to unlawful use of force. *See Baker*, 391 Fed. Appx. at 821 (detainee's § 1983 excessive force claims accrued on the date he was allegedly beaten at a holding facility); *Ross v. Mickle*, 194 Fed. Appx. 742, 744 (11th Cir. 2006) (prisoner's § 1983 claim that officer violated his Fourth Amendment rights by applying excessive use of force accrued on the date of the incident when the police shot him in the back*); Walton for Estate of Smith*, 2018 WL

1393520, at *3 (plaintiff's excessive use of force claim accrued on date of incident when officers applied force).

It is apparent here, from the face of the Complaint, as well as the Arrest Affidavit attached as an exhibit, that Sullenberger's section 1983 claims against the named Defendants, including Officer Puga, are time-barred under Florida's four-year statute of limitations. No matter if Sullenberger's section 1983 claims are based on his alleged false arrest, the use of force applied during the arrest, or both, the statute of limitations for these claims has lapsed. Specifically, Sullenberger's claims began to accrue on December 2, 2017, *i.e.*, the night he was arrested. *See* Compl., ¶¶ 1-24, 29. *See* Arrest Aff [DE 1-3]. As a result, under Florida's four-year statute of limitations, Sullenberger had until December 2, 2021 to file the present action. The Complaint, however, was not filed until June 15, 2022 – **more than 6 months <u>after</u> the applicable statute of limitations had run.**

Sullenberger has known of the facts supporting this cause of action for many years now – as evidenced by his concurrent state court action in which he sued these same named defendants for false imprisonment, among other claims, arising from the same facts and occurrence as those asserted in this Complaint. Because any further amendment would be futile here, Sullenberger's section 1983 claims against the Defendants are effectively time-barred and must be dismissed **<u>with prejudice</u>**. *See Maps* 2017 WL 11622095, at *1; *Hughes*, 350 F.3d at 1163; *Baker*, 391 F. App'x at 820; *Simione,* 2019 WL 6324284, at *3; *Walton for Estate of Smith,* 2018 WL 1393520, at *3; *Adams*, 818 Fed. Appx. at 890.

II.     **THIS COURT SHOULD DISMISS SULLENBERGER'S COMPLAINT WITH PREJUDICE WHERE PLAINTIFF HAS A CONCURRENT STATE COURT ACTION PENDING AND IS ENGAGED IN IMPERMISSIBLE CLAIM**

**SPLITTING**

"'The rule against splitting causes of action is designed to prevent a multiplicity of suits.'" *Bowman v. Coddington*, 517 Fed. Appx. 683, 685 (11th Cir. 2013) (quoting *Brody Constr., Inc. v. Fabri-Built Structures, Inc.*, 322 So. 2d 61, 63 (Fla. 4th DCA 1975)).[3] "The law presumes that a single cause of action can be tried and determined in one suit, and will not permit the plaintiff to maintain more than one action against the same party for the same cause," and "if the first suit is effective and available, and affords ample remedy to the plaintiff, the second suit is unnecessary…." *Id.* (quoting *Mims v. Reid*, 98 So. 2d 498, 501 (Fla. 1957)). The rule "flows from the doctrine of res judicata" and "makes it incumbent upon plaintiffs to raise all available claims involving the same circumstances in one action." *Id. See also Watkins v. City of Lauderhill Police*, 18-CV-60110, 2018 WL 10246972, at *2 (S.D. Fla. Feb. 7, 2018) ("The rule against claim-splitting requires a plaintiff to assert all of its causes of action arising from a common set of facts in one lawsuit.").

"By spreading claims around in multiple lawsuits in other courts or before other judges, parties waste scarce judicial resources and undermine the efficient and comprehensive disposition of cases." *Watkins*, 2018 WL 10246972, at *2. Thus, the claim-splitting doctrine "is designed to prevent a multiplicity of suits", ensure fairness to litigants, and conserve judicial resources. *Bowman*, 517 Fed. Appx. at 685. It "ensures that a plaintiff may not split up his demand and prosecute it by piecemeal, or present only a portion of the grounds upon which relief is sought, and leave the rest to be presented in a second suit, if the first fails." *Vanover*, 857 F. 3d 833 at 841

---

[3] Federal courts have recognized that when the concurrent action is pending in Florida state court, Florida claim splitting rules apply. *See Collier HMA Physician Management, LLC v. NCH Healthcare System, Inc.*, 218CV408FTM38MRM, 2019 WL 277733, n.4 (M.D. Fla. Jan. 22, 2019). *See also Bowman,* 517 F. App'x at 685 (applying Florida claim splitting rules where concurrent action remained pending in Florida state court).

(internal citations omitted).

The test for determining whether plaintiff has engaged in impermissible claim splitting is a two-factor analysis. *Vanover*, 857 F.3d at 841. The Court should analyze "(1) whether the case involves the same parties and their privies, and (2) whether separate cases arise from the same transaction or series of transactions." *Id.* at 841-42. When concurrent actions against the same parties, and arising out of the same nucleus of operative facts, are filed by the same plaintiff, federal courts do not hesitate to dismiss the pending federal claim. *See also Watkins*, 2018 WL 10246972, at *2 (applying the two-factor test and finding impermissible claim-splitting occurred where plaintiff brought a second lawsuit against the same defendants and his causes of actions in both lawsuits arose from the same nucleus of operative facts, his removal from a property); *Bowman*, 517 Fed. Appx. at 684 (affirming district court's dismissal after applying Florida claim-splitting rule where concurrent action remained pending in Florida state court).

There is no question that Sullenberger's concurrent and pending state court claim warrants dismissal of this action. Both actions involve claims arising from Sullenberger's arrest the night of December 2, 2017, which occurred after he set off the Emergency "Panic" Burglar alarm at his parents' house located at 823 Santiago Avenue, Coral Gables, Florida 33134. *See* **Exhibit B**, Sec. Am. Compl., ¶¶ 7-9, *Sullenberger I*; *cf.* Compl., ¶ 1. As a result, Officers Nunez and Flores responded to the triggered alarm to investigate the scene at which time a verbal interaction between the officers and Sullenberger ensued and wound up as a physical struggle between them. *See* **Exhibit B**, Sec. Am. Compl., ¶¶ 9-18, *Sullenberger I*; *cf.* Compl., ¶¶ 2-19. In both actions, Sullenberger alleges he was charged with resisting an officer with violence to her person with a firearm, aggravated battery on a law enforcement officer, and attempted murder in the second degree of law enforcement officer, as evidenced by the Arrest Affidavit referenced in both the state

10

and federal complaints. *See* Arrest Aff. [DE 1-3]. *See also* **Exhibit B**, Sec. Am. Compl., ¶¶ 19, 35, 36, *Sullenberger I; cf. Compl.,* ¶¶ 20, 21. Sullenberger is wasting the Court's judicial resources by spreading his claims across multiple lawsuits and before different courts hoping to obtain a more favorable result. Such impermissible claim splitting should not be tolerated and warrants the dismissal of his Complaint with prejudice.

### III.   DISMISSAL IS WARRANTED WHERE SULLENBERGER HAS FAILED TO ALLEGE A LEGALLY OR FACTUALLY SUFFICIENT CAUSE OF ACTION UNDER 42 U.S.C. §1983

In order to state a claim under section 1983, a plaintiff must allege that: "(1) defendant deprived him of a right secured under the United States constitution or federal law, and (2) such deprivation occurred under the color of state law." *Richardson v. Johnson*, 598 F. 3d 734, 737 (11th Cir. 2010). "A section 1983 action requires specific allegations of involvement by state officials." *Wright v. TRW Credit Data*, 588 F. Supp. 112, 114, Case No. 83–3162–CIV–JLK (S.D. Fla. 1984). An action cannot be maintained under Section 1983 where these allegations are missing. *See Diaz v. Miami-Dade Cnty.*, 849 Fed. Appx. 787 (11th Cir. 2021) (false arrest claim brought under Section 1983 against sergeant was not sufficiently alleged where complaint did not allege that the sergeant supervised the investigation, acted in any other supervisory capacity, or participated in plaintiff's arrest); *Arrington v. Green*, 17-81275-CV, 2017 WL 11463949, at *3 (S.D. Fla. Nov. 27, 2017) (dismissing plaintiff's § 1983 claim that the defendant police officer engaged in an unlawful search of plaintiff's home because the complaint lacked allegations indicating that the police officer actually entered plaintiff's home); *Deegan v. City of Homestead*, 16-22820-CIV, 2017 WL 11497366, at *7 (S.D. Fla. Feb. 10, 2017) (dismissing plaintiff's 42 U.S.C. § 1983 claim for false arrest against the defendant officer where the complaint lacked any allegations that he prepared a sham affidavit, directed other police officers to falsify the results of

11

their investigation, or arrested plaintiff without probable cause).

The Complaint here fails to state a legally or factually sufficient § 1983 claim against the Defendants. As a matter of legal sufficiency, the Complaint lacks any allegations that Officer Puga and the other Defendants were acting under color of state law when they purportedly violated Sullenberger's Fourth Amendment rights. The Complaint is also factually deficient as it contains no allegation whatsoever as to how Officer Puga violated Sullenberger's Fourth Amendment rights. The Complaint includes no allegations that Puga engaged in Sullenberger's unlawful seizure, and there is no mention of Puga's involvement in carrying out the arrest, partaking in the investigation, or falsifying the Arrest Affidavit. Indeed, the Complaint is silent as to any factual allegations about Puga at all. As a result of these glaring factual and legal deficiencies, Sullenberger's Section 1983 claims are subject to dismissal.

## IV.   SULLENBERGER'S COMPLAINT IS AN IMPERMISSIBLE SHOTGUN PLEADING AND WARRANTS DISMISSAL

The Eleventh Circuit is resolute and uniform in expressing its concerns about the repercussions of cases proceeding on shotgun pleading bases. *See, e.g.*, *Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366-67 (11th Cir. 1996) ("Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice."); *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356-57 (11th Cir. 2018) ("Shotgun pleadings, whether filed by plaintiffs or defendants, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources.  Moreover, justice is delayed for the litigants who are 'standing in line,' waiting for their cases to be heard.") (quoting *Cramer v. Fla.*, 117 F.3d 1258, 1263 (11th Cir. 1997)).

12

"Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018). These pleadings, simply put, are impermissible, and district courts are vested with inherent authority to dismiss a complaint on shotgun pleading grounds alone without ever looking at the complaint's merits. *Id. See also Jackson*, 898 F.3d at 1357 ("[W]e have condemned shotgun pleadings time and again, and this is why we have repeatedly held that a District Court retains authority to dismiss a shotgun pleading on that basis alone."); *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015) (explaining that the district court retains "inherent authority to control its docket and ensure the prompt resolution of lawsuits," including under proper circumstances, "the power to dismiss a complaint for failure to comply with Rule 8(a)(2) and Rule 10(b)").

In *Weiland*, the Eleventh Circuit explained that complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are "shotgun" pleadings, and the Court identified four "rough" categories into which they fall, one of which commits the "relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against" and one of which "commits the sin of not separating into a different count each cause of action or claim for relief." 792 F.3d at 1320-1323. The unifying characteristic of all types of shotgun pleadings is that they fail in some way to give the defendants adequate notice of the claims against them and the grounds on which each claim rests. *Id.*

The instant Complaint consists of a shotgun pleading as it alleges a single § 1983 claim against multiple defendants (*see* Compl., ¶¶ 29-32) without specifying which of the Defendants are responsible for which acts or omissions. *See Kabbaj v. Obama*, 568 F. App'x. 875, 880 (11th Cir. 2014) (improper shotgun pleading where "the complaint refers to the defendants collectively,

making it impossible to identify which particular defendant engaged in what allegedly wrongful conduct"). As noted above, despite being named as a defendant in this Complaint, there is not one allegation which explains what role Officer Puga presumably played in the events preceding his arrest, much less how Officer Puga's actions rise to the level of a section 1983 violation. All plaintiff has alleged here is that he had a right "to be free of unlawful seizures," and he seeks damages, including punitive damages, to compensate him "for the actions taken by Defendants" including "unlawful and humiliating arrest, assault, battery, false imprisonment, and negligence." *See* Compl., ¶¶ 29-32. For this reason as well, dismissal of the Complaint is warranted.

## V.     OFFICER PUGA IS ENTITLED TO QUALIFIED IMMUNITY FOR ACTIONS COMMITTED IN HIS OFFICIAL CAPACITY AS A POLICE OFFICER

Qualified immunity completely "protects government officials performing discretionary functions from suits in their individual capacities unless their conduct violates 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Dalrymple v. Reno*, 334 F.3d 991, 994 (11th Cir. 2003) (quoting *Hope v. Pelzer*, 536 U.S. 730, 739 (2002)); *Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003); *Gray ex. Rel. Alexander v. Bostic*, 458 F.3d 1295, 1303 (11th Cir. 2006). Stated otherwise, qualified immunity "protect[s] from suit 'all but the plainly incompetent or one who is knowingly violating the federal law.'" *Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir. 2002). "Questions of qualified immunity should be resolved at the earliest possible stage in the litigation." *Dalrymple*, 334 F.3d at 994.

The purpose of giving government officials that immunity is to protect them from the chilling effect that a fear of personal liability would create in carrying out their discretionary duties. *See McCullough v. Antolini*, 559 F.3d 1201, 1205 (11th Cir. 2009). Importantly, it is "an immunity from suit rather than a mere defense to liability, and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

For that reason, the Eleventh Circuit has explained that "qualified immunity for government officials is the rule, liability and trials for liability the exception." *Alexander v. Univ. of N. Fla.*, 39 F.3d 290, 291 (11th Cir. 1994), *cert. den.*, 514 U.S. 1067 (1995).

To be entitled to qualified immunity, "the public official must show that he was acting within the scope of his discretionary authority at the time the allegedly wrongful acts occurred." *Durruthy v. Pastor*, 351 F.3d 1080, 1087 (11th Cir. 2003) (citing *Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir. 2002)); *Gray*, 458 F.3d at 1303; *Dalrymple*, 334 F.3d at 995; *Cottone*, 326 F.3d at 1358. An officer acts within the scope of his discretionary authority when his conduct is undertaken pursuant to the performance of his official duties, *Harbert Int'l, Inc. v. James*, 157 F.3d 1271, 1281 (11th Cir. 1998), which is undisputed here. Once that is established, "the burden shifts to the plaintiff to show that qualified immunity is not appropriate." *Lee*, 284 F.3d at 1194.

Federal courts apply a two-part test when considering whether qualified immunity is appropriate: (1) whether the facts as alleged show that the officer's conduct violated a constitutional right; and, if so, (2) whether such a right was clearly established at the time of the incident. *Pearson v. Callahan*, 555 U.S. 223 (2009) (citing *Saucier v. Katz*, 533 U.S. 194, 200 (2001), *overruled in part on other grounds by Pearson v. Callahan*, 555 U.S. 223 (2009)). The law requires that the right is "clearly established" to ensure that the public official is on notice that their conduct is unlawful before they are subjected to a suit. *Lewis v. City of W. Palm Beach, Fla.*, 561 F.3d 1288, 1291 (11th Cir. 2009).

In evaluating these two prongs, the Supreme Court has advised that a district court need not follow any rigid sequence. In other words, "judges of the district courts and the courts of appeals should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the

particular case at hand." *Pearson,* 555 U.S. at 236. The Eleventh Circuit applied this exact principle in *Lewis*:

> The Supreme Court recognized that discussion of a constitutional violation may become unnecessary for qualified immunity purposes when the right was not clearly established. It is therefore not mandated that the Court examine the potential constitutional violation under *Saucier* step one prior to analyzing whether the right was clearly established under step two. Such analytical flexibility is certainly applicable here. Even if the officers' actions violated Lewis's Fourth Amendment rights, the appellant did not demonstrate that the officers' conduct was an intrusion on a clearly established right.

561 F.3d at 1291-92 (internal citations omitted).

There is no question that Puga was acting within his discretionary authority as a sworn police officer for the City of Coral Gables at all the relevant times. As demonstrated by the Arrest Affidavit incorporated in Sullenberger's Complaint, Puga prepared that Arrest Affidavit following Sullenberger's arrest in the scope of his employment as a police officer.[4] *See* Arrest Affidavit [DE 1-3]. As a result, the burden shifts to Sullenberger to show that Puga is **not** entitled to qualified immunity. *See Lee*, 284 F.3d at 1194. Sullenberger cannot meet this burden based on the allegations on his Complaint to survive a motion to dismiss.

The allegations in Sullenberger's Complaint fail to demonstrate: (1) that Puga's conduct violated any constitutional right; and (2) Puga violated clearly established law.  As described in Section III. above, Sullenberger's Complaint is completely devoid of any factual allegations regarding Puga's involvement with Sullenberger's arrest the night of December 2, 2017. Beyond Puga's signature on the Arrest Affidavit, the Complaint does not indicate what role, if any, Puga

---

[4] *See Jones v. Cannon,* 174 F.3d 1271, 1284 (11th Cir. 1999) (applying qualified immunity analysis to law enforcement's allegedly wrongfully prepared arrest affidavit); *Herbig v. Kretzer*, 813CV01692T24MAP, 2013 WL 12090675, at *3 (M.D. Fla. Sept. 13, 2013), aff'd, 562 Fed. Appx. 845 (11th Cir. 2014) (detective acting within the scope of his employment when he prepared the probable cause affidavit).

played in Sullenberger's arrest. The Complaint lacks any allegations supporting a theory that Puga improperly investigated Sullenberger's arrest or falsified the Arrest Affidavit. Even if Sullenberger could show that Officers Flores and Nunez provided Puga with false information in preparation of the Arrest Affidavit, there are no allegations that Puga knew their representations regarding Sullenberger's arrest were false.[5]  Simply put, the Complaint fails to describe how Puga's conduct violated any constitutional right. In short, there are no factual allegations concerning any wrongdoing on Puga's part that would waive his right to qualified immunity and expose him to liability. By the same token, because the Complaint lacks any factual allegations concerning Puga's actions, Sullenberger has failed to make a *prima facie* claim that Puga violated clearly established law. *See Diaz*, 849 Fed.Appx. at 791 (plaintiff's claim for false arrest under 42 U.S.C. § 1983 against the defendant sergeant was barred by qualified immunity where plaintiff's complaint did not establish that the sergeant violated his clearly established constitutional rights; the Complaint did not establish that the sergeant "was the arresting officer or that he was in chain of command"). Accordingly, Puga is entitled to qualified immunity, and Sullenberger's civil rights claim under § 1983 should be dismissed.

## CONCLUSION

Based on the foregoing arguments and authorities, Officer Puga requests that this Court dismiss Sullenberger's Complaint **with prejudice** and that it grant him all such further relief to which he is entitled. Dismissal with prejudice is warranted as any further amendments would be futile given that Sullenberger's claims are time-barred under Florida's four-year statute of

---

[5] *See Williams v. Miami-Dade Police Dept.*, 297 Fed. Appx. 941, 946 (11th Cir. 2008) (defendant officers entitled to qualified immunity in Section 1983 false arrest action where *pro se* plaintiff alleged that the defendant officers arrested him based on false information provided by a detective because there was no evidence that the defendant officers knew that the detective's information was false).

limitations. Dismissal is also proper under the claim-splitting doctrine where Sullenberger has a concurrent action pending in state court. Additionally, Sullenberger's Complaint consists of an inappropriate shotgun pleading, which fails to assert a legally sufficient §1983 claim. Finally, Sullenberger has failed to allege any facts that Puga waived his right to qualified immunity. As a result, Sullenberger's Complaint cannot not survive dismissal under Rule 12(b)(6).

Respectfully submitted,

**BOWMAN AND BROOKE LLP**

By: */s/ Christine L. Welstead*

**Christine L. Welstead, Esq. (FBN# 970956)**
Christine.welstead@bowmanandbrooke.com
**Stephanie Simm, Esq. (FBN# 15486)**
Stephanie.Simm@bowmanandbrooke.com
**Carolina S. Pinero, Esq. (0119335)**
Carolina.Pinero@bowmanandbrooke.com
Two Alhambra Plaza, Ste. 800
Miami, Florida 33134
Tel: (305) 995-5600; Fax: (305) 995-6100
***Attorneys for Defendant Jorge Puga***

and

Israel Umberto Reyes, Esq.
Florida Bar No. 47627
ireyes@reyeslawfirmpa.com
Christopher Israel Reyes, Esq.
Florida Bar No. 94301
creyes@reyeslawfirmpa.com
**THE REYES LAW FIRM, P.A.**
343 Alcazar Avenue
Coral Gables, FL 33134

## <u>CERTIFICATE OF SERVICE</u>

**WE HEREBY CERTIFY** on this **13th** day of September, 2022, the undersigned filed the foregoing with the Clerk of the Court for the United States District Court, Southern District of Florida, by using the CM/ECF system and that the foregoing document is being served this day on Plaintiff Simon Sullenberger, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized

18

to receive Notices of Electronic Filing.

By: */s/ Christine L. Welstead*
‎      **Christine L. Welstead, Esq.**