Address: 832 Santiago Street Coral Gables FL, 33134.
Telephone: 845-332-0223

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

SIMON GERALD SULLENBERGER

pro se

*Plaintiff,*

vs.

City of Coral Gables, a
political subdivision of the State
of Florida; Jorge Puga, individually
and in his capacity a Police Officer
for the City of Coral Gables; Natalie
Flores, individually and in her
capacity as a Police Officer for the
City of Coral Gables; Jecabseel
Nunez, individually and in his
capacity as a Police Officer for
the City of Coral Gables.

*Defendants,*

OPPOSITION TO DEFENDANT'S MOTION FOR AN EXTENSION OF TIME

Civil Action No. 1:22-cv-21830-JLK

Judge: The Honorable Roy K. Altman

Trial Date: None set
Original Complaint Filed: June 15, 2022

Second Amended Complaint Filed:
December 8, 2022

## PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION FOR AN EXTENSION OF TIME

1. Plaintiff respectfully opposes Defendant's Motion for Enlargement of Time and Leave to Exceed Page Limitation. In opposition, Mr. Sullenberger states as follows:

    a. Plaintiff would consent to an extension for one week but would oppose any longer extension.

    b. The defendant's counsel consists of numerous attorneys from two private law firms and has not shown good cause to justify an almost 6-week extension, and this request is made because the opposing council states "The extension is required due to other work-related deadlines. I also have a pre-scheduled vacation over the Christmas / New Year holidays."

2. Courts have previously held that "press of business is not an adequate reason for an extension. Minute Order Denying Motion for Extension, No. 1:12-cv-00127- BJR (D.D.C. Apr. 10, 2014). Given that the primary justification cited in the Motion is the press of business, Defendant has failed to establish good cause to justify this extension.

3. For that reason alone, it should be denied.

## ARGUMENT

4. The defendants' motion to extend the time to answer to the plaintiff's Second Amended Complaint should be denied because in light of defense counsel's resources-which include a private army of counsel who has submitted notices of appearance in this case – involvement in other work, litigations and vacation over the Christmas / New Year holidays are not good cause to extend their time to answer by nearly six weeks; and Defendants

unreasonably delayed filing this motion until 5 business days before their answer being due.

5. Importantly, Plaintiff does not object to any extension. Plaintiff is merely objecting to a longer extension to January 23, 2023, that could cause significant delays in adjudicating this case and obtaining remedies if the Plaintiffs' claims are successful.

6. Local Rule 6.1 requires that "all motions for an extension of time to perform an act required or allowed to be done within a specified time must comply with Fed.R.Civ.P. 6(b)."Fed.R.Civ.P. Rule 6(b)(1)provides that: When an act may or must be done within a specified time, the court may, for good cause, extend the time:

(A) with or without motion or notice if the court acts, if a request is made, before the original time or its extension expires; or

(B) on motion made after the time has expired if the party failed to act because of excusable neglect

7. See Fed. R. Civ. P. 6(b)(1). While the applicable standard is not typically a demanding one, that does not mean extensions are automatic and can be granted without a proper showing of good cause. See U.S. Home Corp. v. Settlers Crossing, LLC, No. 8-1863, 2012 U.S. Dist. LEXIS 114444, *54-*56 (D. Md. Aug. 14, 2012) ("Although [movant] filed its motion before the original time for filing objections expired, it must nonetheless show 'good

cause for extending the deadline"). Here, where Plaintiffs will be unduly prejudiced by the delay in extending the time to answer to January 23, 2023, would cause.

8. In regards to requesting an additional 15 pages for the Defendant's response seems excessive in a material case in which CCTV video contradicts the Defendant's affidavits. In addition, lead investigator, Officer Puga's deposition admits the sworn statements by Defendants were inaccurate and not present. Plaintiff's action arises from a scheme to cover up the Defendant's actions and resulting prejudice to Plaintiff and his family.

9. The court should deny the Motion for Enlargement of Time and Leave to Exceed Page Limitation, no good cause having been shown. All proceedings in this civil case shall be heard and determined at the earliest possible time. Defendants continue to request for extension in prejudice of the plaintiff.

10. Plaintiff is familiar with the Defendants council and their use of excessive continuances have contributed to cause substantial hardship to Plaintiff, his family, other victims, and other witnesses.

11. Plaintiff consents to an extension for one week but would oppose any longer extension. For the above-stated reasons, Plaintiff respectfully asks this Court to deny Defendant's Motion for Enlargement of Time and Leave to Exceed Page Limitation.

Respectfully Submitted,

*[signature]*

Simon Gerald Sullenberger
EAGLE SCOUT