UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-21830-ALTMAN/Reid

SIMON GERALD SULLENBERGER,

    *Plaintiff,*

*v.*

THE CITY OF CORAL GABLES, *et al.*,

    *Defendants.*

_____/

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

On the night of December 2, 2017, two City of Coral Gables police officers responded to a burglar alarm at the home of our Plaintiff, Simon Gerald Sullenberger. Instead of finding a burglar, the officers found the Plaintiff, standing in his yard and holding his lawfully owned shotgun. After a standoff and altercation, the officers tased and handcuffed the Plaintiff. The State Attorney's Office brought (but eventually dropped) criminal charges against the Plaintiff, who responded by suing the City and the officers who arrested him in state court.[1] But, after litigating his Florida case for two-and a-half years, the Plaintiff abandoned it and brought this new action here—in federal court. *See* Third Amended Complaint ("TAC") [ECF No. 81] ¶¶ 24–117. The Defendants now move for summary judgment as to the remaining counts of the TAC.[2] *See* Motion for Summary Judgment ("MSJ") [ECF

---

[1] That action received Florida case number 2019-033136-CA-01, and the filings are publicly available at www2.miamidadeclerk.gov. Federal Rule of Evidence 201 permits a federal court to take judicial notice of state-court records because, generally, those records "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 652 (11th Cir. 2020) (quoting Fed R. Evid. 201(b)).

[2] Our Order Granting in Part the Motion to Dismiss, *see Sullenberger v. City of Coral Gables*, 2025 WL 101703 (S.D. Fla. Jan. 15, 2025) (Altman, J.), dismissed all but three of the Plaintiff's allegations.

No. 121].[3] After careful review, we **GRANT** the MSJ as to Count II and **DISMISS** Counts VII and XI so that the Plaintiff may bring them in state court.

## THE LAW

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Facts are "material" if they "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). And an issue is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Ibid.*

## ANALYSIS

The Defendants seek summary judgment on all three of the TAC's remaining counts. *See* MSJ at 1. Those counts are (1) an excessive-force claim against Coral Gables police officer Flores under 42 U.S.C. § 1983 (Count II), *see* TAC ¶¶ 137–41 (alleging that Flores used "excessive force against Sullenberger"); (2) a state-law malicious prosecution claim against Coral Gables police officers Flores and Nunez (Count XI), *see id.* ¶¶ 158–62 (alleging that Flores and Nunez "initiated criminal proceedings against Sullenberger . . . [without] probable cause to pursue criminal charges"); and (3) a state-law battery claim against Flores (Count VII), *see id.* ¶¶ 172–77 (alleging that Flores "engaged in physical contact with Sullenberger that went far beyond the bounds of reasonable law enforcement conduct"). The Defendants argue that the § 1983 claim fails at summary judgment because it's "barred by the applicable statute of limitations." MSJ at 5. We agree.

### I.       The Plaintiff's § 1983 Claim is Time-Barred

"All constitutional claims brought under § 1983 are tort actions, subject to statute of limitations governing personal injury actions in the state where the § 1983 action has been brought."

---

[3] The MSJ is now ripe for resolution. *See* Plaintiff's Response in Opposition ("Response") [ECF No. 123]; Defendants' Reply in Support ("Reply") [ECF No. 132].

*Banks v. Sec'y, Fla. Dep't of Corr.*, 592 F. App'x 771, 773 (11th Cir. 2014). "A section 1983 claim accrues—and the statute of limitations begins to run—when 'the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights.'" *Baker v. City of Hollywood*, 391 F. App'x 819, 821 (11th Cir. 2010) (quoting *Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987)). In 2017, "the Florida statute of limitations for personal injury actions [was] four years from when the claim accrued." *Banks v. Sec'y, Fla. Dep't of Corr.*, 592 F. App'x 771, 773 (11th Cir. 2014).[4]

The Defendants correctly note—and the Plaintiff never disputes—that the "Plaintiff's federal and state-law battery claims arise out of his arrest on December 2, 2017." MSJ at 5. Under Florida's statute of limitations, then, the Plaintiff had until December 2, 2021, to bring his § 1983 claim. *See Baker*, 391 F. App'x at 821. But the Plaintiff didn't file "this federal lawsuit [until] June 15, 2022"—six months after the statute of limitations had run. And the Plaintiff doesn't contest this timeline. *See* Affidavit of Simon Sullenberger [ECF No. 125] ¶¶ 1–2 (describing "the incident involving my arrest by the Defendants . . . [o]n December 2, 2017" and never suggesting that he filed his claim within the applicable statute of limitations). Instead, he asks us to equitably toll the statute of limitations because the "Defendants' obvious intentional concealment of [Officer] Flores['s] third taser cycle renders this excessive force claim timely." Resp. at 18. Since the Defendants didn't disclose the electronic data pertaining to Flores's third taser deployment until May 15, 2019, the Plaintiff insists, he "could not

---

[4] "Effective March 24, 2023, Florida's statute of limitations, Fla. Stat. § 95.11, was amended to reduce the statute of limitations for negligence claims from four to two years." *Wesley Tillman Nelson, IV v. City of Jack.*, 2024 WL 7013978, at *2 (M.D. Fla. Dec. 30, 2024) (Barksdale, Mag.), *report and recommendation adopted*, 2025 WL 4658716 (M.D. Fla. Jan. 27, 2025) (Corrigan, J.) (citing § 95.11(4)(a)). "The amendments," however, only "apply to causes of action accruing after the effective date of this act." C.S./C.S./H.B. 837, 2023 Leg., Reg. Sess. (Fla. 2023). Because our Plaintiff's § 1983 action accrued on December 2, 2017, his claim is subject to the statute of limitations that was in effect then, which was four years. *Cf. Nazario v. Kissimmee Util. Auth.*, 2024 WL 5673614, at *2 (M.D. Fla. Jan. 9, 2024) (Norway, Mag.) (recognizing that, "[i]n Florida, the relevant statute of limitations is two years" for § 1983 claims filed after March 24, 2023).

have reasonably discovered the full extent of his injuries and constitutional violations until after that date." *Id.* at 19. We reject this equitable-tolling request for three reasons.

*First*, the Plaintiff misunderstands the law. "For fraudulent concealment to toll the statute of limitations, a plaintiff 'must show both successful concealment of the cause of action and fraudulent means to achieve that concealment.'" *Fedance v. Harris*, 1 F.4th 1278, 1287 (11th Cir. 2021) (quoting *Prather v. Neva Paperbacks, Inc.*, 446 F.2d 338, 341 (5th Cir. 1971)). "The defendant must have actively concealed facts such that the plaintiff remained 'ignorant of a potential claim,' not 'merely ignorant of evidence.'" *Ibid.* (quoting *Prather*, 446 F.2d at 341). In other words, "[f]raudulent concealment occurs when a defendant makes affirmative acts or misrepresentations which are calculated to, and in fact do, prevent the discovery of the cause of action." *Id.* at 1285. But our Plaintiff argues only that the Defendants fraudulently concealed "[t]he Evidence sync Taser Data Report," which revealed Officer "Flores['s] third taser cycle[.]" Resp. at 18. He never says that he didn't *know* he was tased three times, and he never claims that he didn't *know* about his potential excessive-force claim. Rather, he contends that he didn't receive a piece of *evidence* (the Taser Data Report), which mentions the third deployment, until 2019. In other words, the Plaintiff was "merely ignorant of evidence" and not "ignorant of a potential claim," *Fedance*, 1 F.4th at 1287, which is exactly the kind of ignorance the Eleventh Circuit has said *doesn't* allow us to toll the statute of limitations, *see Nicholson v. Nathan Smoots, S.A.*, 2023 WL 2401329, at *3 (11th Cir. Mar. 8, 2023) ("For fraudulent concealment to toll the statute of limitations, a plaintiff must show that the defendant actively, fraudulently, and successfully concealed facts, leaving the plaintiff ignorant of a potential claim but not merely ignorant of evidence."). Because the Plaintiff was merely ignorant about a piece of evidence that might have provided additional support for a claim he already knew about, we cannot toll the statute of limitations under a theory of fraudulent concealment.

*Second*, we specifically found, in our order on the motion to dismiss, that Sullenberger had pled a plausible excessive-force claim based on "Officer Flores's *second and* third taser deployments[.]" *Sullenberger v. City of Coral Gables*, 2025 WL 101703, at *6 (S.D. Fla. Jan. 15, 2025) (Altman, J.) (emphasis added). In other words, that second deployment, standing alone, was sufficient to sustain Sullenberger's cause of action—and he never argues that the Defendants in any way concealed any evidence relating to that second deployment. So, *even if* the Defendants had concealed the third taser deployment, that act of concealment *still* wouldn't "prevent the discovery of the cause of action[.]" *Fedance*, 1 F.4th at 1285.

*Third*, "[i]t is uncontroversial that fraudulent concealment must be pled in order to toll the statute of limitations in non-fraud cases." *Henderson v. Washington Nat. Ins. Co.*, 454 F.3d 1278, 1282 (11th Cir. 2006). But our Plaintiff never pled fraudulent concealment in any of his complaints. *See generally* Complaint [ECF No. 1]; First Amended Complaint [ECF No. 12]; Second Amended Complaint [ECF No. 34]; TAC. Instead, he advanced the argument for the first time in his summary-judgment response, where he alleged that "[t]he City and [the] Defendants have had knowledge of the third Taser deployment—a critical fact omitted and knowingly concealed from [the] Plaintiff's defense counsel, the prosecution, and both the state and federal courts." Resp. at 18. Unfortunately, the Eleventh Circuit has been clear that "[a] plaintiff may not amend her complaint through argument in a brief opposing summary judgment." *Gilmour v. Gates, McDonald, & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004).

The Plaintiff, in short, brought his § 1983 claim six months after the statute of limitations had run, and he's failed to justify his request for equitable tolling. We therefore **GRANT** the Motion for Summary Judgment as to Count I.[5]

---

[5] The Plaintiff's state-law battery claim is also subject to a four-year statute of limitations and may well be time-barred for the same reasons we've outlined here. *See* FLA. STAT. § 95.11(3)(n) (2025)

**II.     We Decline to Exercise Supplemental Jurisdiction Over the State-Law Claims**

The Plaintiff's § 1983 claim was the only mechanism by which we could exercise original jurisdiction over this case. Without that claim, the TAC includes only state-law claims between two Florida residents.

"When all federal claims are dismissed before trial, a district court should typically dismiss the pendant state claims as well." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1296 (11th Cir. 2018); *see also* 28 U.S.C. § 1367(c)(3) (noting that a district court may decline to exercise supplemental jurisdiction over a state-law claim where "the district court has dismissed all claims over which it has original jurisdiction"). "Although the district court has discretion, concerns of federalism—namely, of federal courts of limited jurisdiction weighing in on state law—counsel in favor of dismissing state-law claims after the federal claims are dismissed." *Silas v. Sheriff of Broward Cnty., Fla.*, 55 F.4th 863, 866 (11th Cir. 2022). "We have encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial." *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004). "The Supreme Court has also put a thumb on the scale: 'In the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise [pendent] jurisdiction[.]'" *Silas*, 55 F.4th at 866 (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). "A district court, exercising its already broad discretion, will rarely err by declining supplemental jurisdiction after the federal claims that supported its jurisdiction are dismissed." *Ibid.*; *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."). We'll follow the Supreme Court's admonition and decline to exercise

---

(providing a limitations period of four years for "[a]n action for . . . battery"). But we'll allow the state court to make this Florida-law determination. *See Hardy v. Birmingham Bd. of Educ.*, 954 F.2d 1546, 1553 (11th Cir. 1992) ("State courts, not federal courts, are the final expositors of state law.").

our discretionary jurisdiction under 28 U.S.C. § 1367(c)(3) over the Plaintiff's remaining state-law claims here.

Accordingly, we **DISMISS** Counts VII and XI—without prejudice, of course, to the Plaintiff's ability to refile those claims in state court.[6]

---

[6] The Plaintiff has until November 2028 to assert his malicious-prosecution claim in state court. Because he's proceeding *pro se*, we'll take a moment to explain why that's so. "The statute of limitations for malicious prosecution under Florida law is four years, and the statute of limitations begins to run when the prosecution is terminated in the plaintiff's favor." *Holliday v. Markel Syndicate 3000*, 791 F. App'x 891, 892 (11th Cir. 2020) (citing FLA. STAT. § 95.11(3)(*o*)). The Plaintiff's malicious-prosecution claim accrued on December 14, 2020, when the State dropped its criminal charges against him. *See* Second Amended Complaint ¶ 5. He therefore had until December 14, 2024, to bring that claim. The Plaintiff timely filed this case on June 15, 2022—914 days before that deadline expired. *See* Complaint.

"Federal law provides that 'the period of limitations for any state claim joined with a claim within federal-court competence shall be tolled while the claim is pending in federal court and for a period of 30 days after it is dismissed[.]'" *Fletcher v. City of Madison*, 2025 WL 1074415, at *11 (11th Cir. Apr. 8, 2025) (quoting 28 U.S.C. § 1367(d) (cleaned up)). The Supreme Court has explained that section "1367(d)'s instruction to 'toll' a state limitations period means to hold it in abeyance, *i.e.*, to stop the clock." *Artis v. District of Columbia*, 583 U.S. 71, 75 (2018). Put differently, "the state limitations period is suspended during the pendency of the federal suit." *Id.* at 74. The Florida Supreme Court has also recognized that "the tolling provision serves to prevent the limitations period from expiring while a plaintiff unsuccessfully pursues state claims in federal court in conjunction with federal claims." *Krause v. Textron Fin. Corp.*, 59 So. 3d 1085, 1091 (Fla. 2011). In short, because the Plaintiff filed his malicious-prosecution claim in federal court before the statute of limitations ran, our decision today won't prevent him from timely asserting that claim in state court. *See Scarfo v. Ginsberg*, 817 So. 2d 919, 921 (Fla. 4th DCA 2002) ("[S]ection 1367(d) provides for a non-prejudicial dismissal of the related state law claims when the federal claim is adjudicated before trial. That is, section 1367(d) tolls the running of any applicable state statute of limitations on the related state law claims during the pendency of the federal claim. The purpose of this tolling provision is undoubtedly to allow claimants to pursue their federal claim in a federal court without cost to their state law claims, should the federal claim prove unsuccessful."); *Jinks v. Richland Cnty., S.C.*, 538 U.S. 456, 465 (2003) (rejecting the "[r]espondent['s] views [of] § 1367(d)'s tolling rule as a regulation of state-court 'procedure,' and [its] conten[tion] that Congress may not, consistent with the Constitution, prescribe procedural rules for state courts' adjudication of purely state-law claims"); *Blinn v. Fla. Dep't of Transp.*, 781 So. 2d 1103, 1109–10 (Fla. 1st DCA 2000) (tolling a state-law claim's statute of limitations for 30 days under § 1367(d), which tolled Florida's statute of limitations because "the state statute of limitations stands as an obstacle to the accomplishment of the Congressional purpose to permit federal litigants to pursue their dismissed state law claims in state court" and upholding "the power of Congress to enact a statute which, in proper circumstances, will act to toll a state statute of limitations for a claim that was filed timely in federal court and subsequently dismissed").

## CONCLUSION

We therefore **ORDER and ADJUDGE** as follows:

1.  The Defendants' Motion for Summary Judgment [ECF No. 121] is **GRANTED** as to Count II. We **DISMISS** Counts XI and VII **without prejudice** to the Plaintiff's ability to assert those claims in state court.

2.  We **TERMINATE** all pending motions and **CLOSE** this case.

**DONE AND ORDERED** in the Southern District of Florida on April 17, 2026.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record
Simon Gerald Sullenberger, *pro se*

---

The Plaintiff therefore has 944 days until the statute of limitations on his malicious-prosecution claim expires (the 914 days that remained when he filed this case in federal court *plus* an extra 30 days under § 1367(d)).

Theoretically, the statute of limitations on the Plaintiff's state-law battery claim will be tolled for 30 days after this dismissal under § 1367(d). As we've explained, however, *see supra* note 5, this claim may *already* be time-barred—a Florida-law question we'll leave to the state-court judge.

8